Marguerite L. ORAM, Appellant,

v.

GENERAL AMERICAN OIL COMPANY OF TEXAS et al., Appellee.

No. 4657.

Court of Civil Appeals of Texas, Eastland.

Dec. 7, 1973.

Rehearing Denied Dec. 28, 1973.

Earl J. Wentworth, Haight & Dewees, San Antonio, (Jerry D. Bolin, McKinney, of counsel), for appellant.

George C. Chapman, Thompson, Knight, Simmons & Bullion, Lawrence W. Vance, H. Louis Nichols, Saner, Jack, Sallinger & Nichols, Dallas, for appellee.

RALEIGH BROWN, Justice.

This is a summary judgment case. Marguerite L. Oram brought in the Probate Court of Dallas County a bill of review seeking to have declared null and void previous orders of the court. The orders authorized the execution of a lease with option to purchase certain property of Marguerite Oram. The lease named General American Oil Company, lessee. It was ex-

ecuted by Alma L. Smith, guardian of the person and estate of Marguerite Oram, during a period when Marguerite Oram had been adjudged a person of unsound mind. After restoration of mental competency, Marguerite Oram instituted these proceedings on May 9, 1958, alleging fraud and statutory irregularities in the execution of the lease.

The named defendants were General American Oil Company of Texas—lessee of appellant's land under guardian's lease; Meadows Building Corporation—sublessee from General American; F. H. Connally, W. H. Sparks, and J. K. Rigsbee, trustees of General American Employees Retirement Plan; Magnolia Petroleum Company —sublessee from General American; Prudential Insurance Company of America— mortgagee for loan to General American to construct improvements; Lawyers Surety Corporation—surety on guardian bond for Alma L. Smith; Grover G. Goode—potential lessee from appellant prior to insanity; A. H. Meadows—lessee of appellant's land under guardian lease; Marvin R. Smith— husband of guardian Alma L. Smith; Alma L. Smith, individually and in her capacity as former Guardian of the Person and Estate of Marguerite L. Oram. The probate court sustained the defendants' motions for summary judgment as did the district court on appeal. Marguerite Oram appeals from that judgment.

Marguerite Oram contends the trial court erred in sustaining the defendants' motions for summary judgment because material fact issues were raised as to limitations, laches, ratification, estoppel, waiver, fraud and statutory irregularities surrounding the guardian's lease of her land.

In support of their motions for summary judgment the defendants presented, along with other evidence, properly certified copies of the proceedings in the Probate Court of Dallas county which authorized the execution of the lease by the guardian, a copy of the lease, properly certified copy of the order of the probate court dated December

3, 1953, declaring Marguerite Oram to be a person of sound mind, the final account of the guardian which reflected rents from General American Oil Company of Texas, the waiver of citation executed by Marguerite Oram waiving the necessity of service as required by law of the court's hearing on the guardian's final account, and the probate court's order discharging the guardian, Alma L. Smith and her surety, dated December 4, 1953.

Marguerite Oram urges that prior to the enactment of Section 31, Probate Code, V.A.T.S., in 1955, a four year statute of limitation was applicable to the bringing of a bill of review. She contends that this action is brought within that period when the provisions of Article 5539a, Vernon's Ann.Civ.St. are applied. Her affidavit opposing defendants' motions for summary judgment recites in part:

" 'That this petition for a bill of review is properly before this court, in that the same was originally filed in the 14th Judicial District Court of Dallas County, Texas on the 29th day of August, 1956 as a part of Cause No. 15727; that thereafter, and on the 10th day of March, 1958 the said District Court ordered the said cause, insofar as it constituted a direct attack upon the guardianship in question and in the nature of a bill of review and the same being this cause of action, dismissed; that thereafter and on May 9, 1958, and within 60 days of said order, this cause was filed herein. That such petition not attached and such dismissal in such District Court, and the order thereon, is marked Exhibit 'B' and attached to this affidavit and adopted as a part hereof just the same as though set forth in full herein.' "

Article 5539a, V.A.T.S., provides:

"When an action shall be dismissed in any way, or a judgment therein shall be set aside or annulled in a direct proceeding, because of a want of jurisdiction of the Trial Court in which such action

shall have been filed and within sixty (60) days after such dismissal or other disposition becomes final, such action shall be commenced in a Court of Proper Jurisdiction, the period between the date of first filing and that of commencement in the second Court shall not be counted as a part of the period of limitation unless the *opposite party* shall in abatement show the first filing to have been in intentional disregard of jurisdiction."

Marguerite Oram contends that since the statute of limitation was tolled during the time the original suit was filed in the improper court and the present suit was filed within 60 days from the time the original suit was dismissed for lack of jurisdiction, her bill of review was not barred by the four year statute of limitations. Without passing upon the issue of the appropriateness or inappropriateness of the four year limitation period, we will examine her contention.

Article 5539a affords relief only when the dismissal of the former action was for lack of jurisdiction; if the court had jurisdiction the statute is not tolled. Garrett v. Hartford Accident & Indemnity Co., 107 S.W.2d 726 (Tex.Civ.App.1937, no writ hist.) ; Binge v. Gulf Coast Orchards Co., 93 S.W.2d 813 (Tex.Civ.App.1936, dismissed), see also 4 McDonald, Tex.Civ. Practice § 17.20.

The order of March 10, 1958, attached as Exhibit 'B' to Marguerite Oram's affidavit recites that "the plea in abatement of defendants . . . to plaintiff's first amended original petition be and the same are hereby sustained, and that plaintiff's first amended original petition and the cause of action asserted therein be, and the same is, hereby dismissed at plaintiff's cost, to which action of the court plaintiff then and there duly excepted.

Plaintiff having requested leave to amend leave is hereby granted to amend in conformity with this order within 20 days."

The record before this court does not include plaintiff's first amended original pe-

tition referred to in the above order. The order does not reflect a dismissal for lack of jurisdiction. It does appear from the order that Lawyers Surety Corporation was not a party to the cause.

The court in Watson v. General Motors Corporation, 479 S.W.2d 104 (Tex.Civ. App. Houston (1st Dist.) 1972, writ ref. n. r. e.) stated:

" . . . The burden of proving the facts relied on to bring the case within Art. 5539a, supra, rested on appellants. It was necessary that appellants prove that within the limitation period a suit was filed; that this suit was dismissed because of a want of jurisdiction in the court in which it was filed; that within sixty days after such dismissal became final the action was commenced in a court of proper jurisdiction."

Our Supreme Court in Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.Ct.1970), stated the rule to be followed in a summary judgment proceeding as follows:

" . . . In such cases, the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action but is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action."

See also 4 McDonald, Tex.Civ.Practice Section 17.26.2

The record before this court establishes that the present action was filed more than four years after Marguerite L. Oram was restored as a person of sound mind. It was necessary for her to establish the applicability of Article 5539a, supra, to avoid limitation. An essential element of its application was a showing of the dismissal of the former action for lack of jurisdiction.

In a summary judgment case where the defendant established limitation and the plaintiff failed to avoid its application, the court said in Birdwell v. American Bonding Company, 337 S.W.2d 120 (Tex.Civ. App. Fort Worth 1960, writ ref. n. r. e., 367 U.S. 904, 81 S.Ct. 1920, 6 L.Ed.2d 1250):

" . . . At such stage of summary judgment proceedings a plaintiff is burdened with the obligation to show that he has receivable evidence to justify his delay, else there would be a complete failure by him to raise an issue thereon. In other words, we are of the opinion that a defendant is entitled to prevail in his motion for summary judgment based upon demonstration that the claim is barred by the affirmative defense of limitation in the absence of the plaintiff's ability to explain and excuse his delay by discharging his correlative burden (shifted to him as the result of the proof by the defendant) of specifying some evidence which would change the result otherwise undoubtedly achieved by the defendant as the moving party. McDonald, Texas Civil Practice, 'Judgments,' sec. 17.26.1 '(Summary Judgments)—B. When Summary Judgment Proper'; LeMond and Kreager's article on 'The Scope of Pleading as Proof in Summary Judgment Procedure' 30 Tex. Law Review, pp. 613–619."

See also Pierce v. Estate of Haverlah, 428 S.W.2d 422 (Tex.Civ.App. Tyler, 1968, writ ref. n. r. e.).

There is no summary judgment proof in the record before this court that the first cause of action brought by Marguerite Oram was dismissed for lack of jurisdiction. The legal conclusions contained in Marguerite Oram's affidavit do not constitute valid summary judgment proof. As stated in Bestwall Gypsum Division v. Padgett Bros. Drywall, 425 S.W.2d 844 (Tex.Civ.App. Houston (1st Dist.) 1968, no writ hist.):

"Statements in affidavits which are conclusions of law are insufficient to raise a fact issue in a summary judgment proceeding. Marsalis v. Garre, 391 S.W.2d 522 (Tex.Civ.App., 1965, writ ref. n. r. e.); Farmers State Bank v. First State Bank of Liberty, 317 S.W.2d 768 (Tex.Civ.App., 1958, no writ hist.); Mason v. Mid-Continent Supply Co., 374 S. W.2d 922 (Tex.Civ.App., 1964, writ ref., n. r. e.)."

Marguerite Oram has failed in her burden and the granting of the summary judgment against her was correct. Gulf, Colorado & Santa Fe Railway Company v. G. C. McBride, 159 Tex. 442, 322 S.W.2d 492 (1958).

In view of our holding on the issue of limitations, the other points of error are immaterial. The judgment is affirmed.

McCLOUD, C. J., not participating.