**Mart ARMSTRONG, Appellant,**

v.

**Arnold N. ABLON d/b/a Spanish Steppes Apartments, Appellee.**

No. 05–83–00600–CV.

Court of Appeals of Texas, Dallas.

June 20, 1984.

Wayne Ames, Plano, for appellant.

Michael Buchanan, Dallas, for appellee.

Before STEPHENS, STEWART and SHUMPERT, JJ.

SHUMPERT, Justice.

This is an appeal from a summary judgment granted in favor of appellee, Arnold Ablon, d/b/a Spanish Steppes Apartments, on the basis of the statute of limitations, TEX.REV.CIV.STAT.ANN. 5526, § 4 (Vernon Supp.1984). In six points of error, appellant Armstrong contends that the trial court erred in granting the summary judgment because: the original suit was involuntarily dismissed; the abandonment of the original suit was satisfactorily explained, and thus equity must toll the statute; the statute was tolled by TEX.REV. CIV.STAT.ANN. art. 5539a under the trial court's order to dismiss without prejudice; the trial court divested itself of jurisdiction by denying reinstatement, and therefore extended the limitations period under article 5539a; and the trial court's order nunc pro tunc is not a final order. We disagree with Armstrong's contentions, and accordingly, we affirm the summary judgment.

Armstrong filed suit against Ablon on February 11, 1981, for personal injuries that allegedly occurred on June 19, 1980. The suit was dismissed with prejudice on September 3, 1982, because of Armstrong's failure to comply with the trial court's order of May 27, 1982, to produce documents for discovery. On September 28, 1982, the trial court entered an order nunc pro tunc, stating that the dismissal was without prejudice. Armstrong then filed a motion to reinstate the cause which was denied. Armstrong refiled the cause of action on October 6, 1982, two years, three months, and seventeen days from the date of his alleged injury. Ablon filed a motion for summary judgment which was granted based on the statute of limitations.

The statute of limitations in this suit is prescribed by TEX.REV.CIV.STAT.ANN. art. 5526, § 4 (Vernon Supp.1984), which states that an action for injury done to the person of another shall be commenced within two years after the cause of action has accrued. The gist of Armstrong's six

points of error, is that the filing of the original suit on February 11, 1981, well within the limitation period, tolled the running of the statute.

■ Armstrong initially argues that the statute of limitations could not continue to run as if no suit had been filed because the suit was involuntarily dismissed. We disagree. This suit was dismissed under TEX. R.CIV.P. 170 (Vernon 1976)[1] because of Armstrong's failure to comply with the court's order to produce documents for discovery. His motion for reinstatement was denied. We hold that dismissal under Rule 170 is the equivalent, for limitations purposes, of dismissal for want of prosecution with the result that limitations ran as if the suit had never been filed. *Shaw v. Corcoran,* 570 S.W.2d 96, 98 (Tex.Civ.App.—Austin 1978, no writ). Were the rule otherwise, plaintiffs could delay the progress of actions by not cooperating with discovery, and could essentially lengthen the available limitations period because they could refile their suits at no disadvantage long after limitations had run. We cannot approve of such a result. Accordingly, we hold that the statute of limitations was not tolled by the pendency of Armstrong's first lawsuit.

■ Armstrong argues, however, that equity tolled the running of the statute because he gave an adequate explanation for the abandonment of his suit. We disagree for two reasons. First, he did not raise this argument in his answer to Ablon's motion for summary judgment, and therefore, he cannot raise it for the first time on appeal. *City of Houston v. Clear Creek Basin,* 589 S.W.2d 671, 678 (Tex. 1979). Second, contrary to his assertions, there is no explanation given for Armstrong's failure to comply with the trial court's order. Such an explanation is required, and it must be of a nature sufficient to show that the abandonment was not in fact voluntary. *Irwin v. Basham,* 507 S.W.2d 621, 625 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r.e.). We conclude, therefore, that his abandonment of the suit was voluntary. Where a plaintiff voluntarily abandons his suit, the statute of limitations is not interrupted during the period when the suit was pending. *Florida State Bank v. Southwestern Life Ins. Co.,* 133 Tex. 243, 127 S.W.2d 188, 192–93 (1939).

■ Armstrong next contends that the provisions of TEX.REV.CIV.STAT.ANN. art. 5539a (Vernon 1958) tolled the running of the statute of limitations. He reasons that by its order denying reinstatement of his original suit, the trial court divested itself of jurisdiction, thereby tolling the statute under article 5539a. We disagree with Armstrong's contention. Article 5539a provides that when an action is dismissed for want of jurisdiction by one court, it may be refiled in a court having jurisdiction if it is refiled within 60 days of the dismissal. That statute further provides that the running of limitations will be tolled for the period between dismissal and refiling, up to 60 days. Article 5539a applies only when dismissal of the initial action is for lack of jurisdiction. *Oram v. General American Oil Co. of Texas,* 503 S.W.2d 607, 609 (Tex.Civ.App.—Eastland 1973), *writ ref'd per curiam,* 513 S.W.2d 533 (Tex.1974), *cert. denied,* 420 U.S. 964, 95 S.Ct. 1355, 43 L.Ed.2d 441 (1975). Although the trial court denied Armstrong's motion to reinstate the cause of action, it dismissed for failure to comply with discovery, not for lack of jurisdiction. The trial court had jurisdiction over the suit. Consequently, article 5539a does not apply, and the statute was not tolled. *Oram,* 503 S.W.2d at 610.

■ Armstrong next contends that the trial court's order, nunc pro tunc, dismissing the suit was not a final order because it was a dismissal without prejudice. We fail to see how this argument is applicable to the running of the statute of limitations, and Armstrong has not shown us how the statute would be tolled if this were the case. Further, the order disposed of all parties and all issues before the court and is a final order. *Cf. First National Bank v. Fox,* 121 Tex. 7, 39 S.W.2d 1085 (Tex.

---

1. Repealed by order Dec. 5, 1983, eff. April 1, 1984. See, now, TEX.R.CIV.P. 215.

197

Comm'n App.1930, opinion adopted). Consequently, we find no error.

█ In a summary judgment case, when the defendant has established that a case is barred by the statute of limitations and the plaintiff has failed to avoid its application, a defendant is entitled to prevail upon his demonstration that the claim is barred. *Oram*, 503 S.W.2d at 610. Armstrong has failed to explain or excuse his delay by specifying any proof which would change the result. Accordingly, we affirm the summary judgment granted against him.