11th Court of Appeals








11th Court
of Appeals

Eastland,
Texas

Opinion

 

James S. King

Appellant

Vs.                   No.
11-01-00177-CV B Appeal from Callahan County

Rebecca Davis Jones

Appellee

 

 James S. King has litigated the ownership of
a tract of land in Callahan County in two prior lawsuits against the current owners of the
property.   King had previously owned
the property.  On August 5, 1986, the
First National Bank of Baird foreclosed on the property.  The Bank sold the property to James C.
Tollett and Henry P. Thompson later that year. 
Subsequently, Tollett and Thompson sold the property to Myrtle Ann
Cunningham.

In1989,
King sued the First National Bank of Baird and its trustees, Fred Gobles, James
Eubanks, and Jerry Barron, complaining of the foreclosure on the property.  In 1994, the 42nd District Court granted the
Bank=s
motion for summary judgment, dismissing King=s cause of action with prejudice.


In
1996, King sued Tollett, Thompson, Cunningham, and the Bank to remove a cloud
on title and claiming exemplary damages and punitive damages for unlawful
possession of the same property. 
Cunningham died, and the property was sold to Michael Jones and his
wife, Rebecca Davis Jones.  In 1997,  King sued Russell Wade Holland as executor
of Myrtle Ann Cunningham=s estate.  King then amended his petition to sue
Michael Jones on December 28, 1998.  The
district court granted motions for summary judgment for the Bank in 1996; for
Tollett and Thompson and for Cunningham=s estate in May of 1999; and for
Michael Jones in August of 1999. 








In
2001, King sued again.  This time, King
sued Michael=s
wife, Rebecca Davis Jones.  Rebecca
Davis Jones filed a motion for sanctions against King, and a hearing was held
on March 29, 2001.  The court found that
King had previously litigated ownership of the property twice before and that
King=s
current pleadings were frivolous.  The
court sanctioned King in the amount of $1,000 and required him to pay Rebecca
Davis Jones=
attorneys= fees
in the amount of $1,000. 

King
appeals the order for sanctions and asserts the following points of error: (1)
the trial court failed to render a final judgment on the merits of the case;
(2) the order for sanctions is not supported by the evidence; and (3) there is
no evidence or insufficient evidence to support the findings of fact and
conclusions of law.  We affirm.

In
his first point of error, King argues that the trial court erred in failing to
render a final judgment on the merits of the case. The order granting Rebecca
Davis Jones= motion
for sanctions and dismissing King=s suit is a final judgment.  First National Bank of Houston v. Fox, 39
S.W.2d 1085, 1086 (Tex.1931); Armstrong v. Ablon, 686 S.W.2d 194, 196 (Tex.App.
B
Dallas 1984, no writ).   King=s
first point is overruled.

In
his second point of error, King urges that the order for sanctions is
unsupported by evidence.  TEX.R.CIV.P.
13 authorizes trial courts to impose sanctions against an attorney, a
represented party, or both, who filed a pleading that is either: (1) groundless
and brought in bad faith; or (2) groundless and brought to harass.  Texas-Ohio Gas, Inc. v. Mecom, 28 S.W.3d
129, 136 (Tex.App. - Texarkana 2000, no pet=n); Emmons v. Purser, 973 S.W.2d
696, 700 (Tex.App. B Austin 1998, no pet=n); Monroe v. Grider, 884 S.W.2d
811, 817 (Tex.App. - Dallas 1994, writ den=d); see also Rule 13; GTE
Communications Systems Corporation v. Tanner, 856 S.W.2d 725, 730-31 (Tex.1993). 
AGroundless@ means
no basis in law or fact and not warranted by a good faith argument for the
extension, modification, or reversal of existing law.  Rule 13; GTE Communications Systems Corporation v. Tanner, supra
at 730.  The trial court abuses its
discretion by imposing Rule 13 sanctions for claims that are not
groundless.  Texas-Ohio Gas, Inc. v. Mecom,
supra at 139.








The
imposition of Rule 13 sanctions is within the discretion of the trial court;
thus, we set aside its decision only on a showing of a clear abuse of
discretion.  GTE Communications Systems
Corporation v. Tanner, supra at 730; Texas-Ohio Gas, Inc. v. Mecom, supra at
135. A trial court abuses its discretion when it acts in an unreasonable and
arbitrary manner or when it acts without reference to any guiding rules or
principles.  Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.1985), cert. den=d, 476 U.S. 1159 (1986);
Texas-Ohio Gas, Inc. v. Mecom, supra at 135.

Rule
13 states that A[n]o
sanctions under this rule may be imposed except for good cause, the particulars
of which must be stated in the sanction order.@ 
When imposing Rule 13 sanctions, the trial court is required to make
particularized findings of good cause justifying the sanctions.  The failure to comply with this clear
directive is an abuse of discretion. 
Texas-Ohio Gas, Inc. v. Mecom, supra at 135; Tarrant County v. Chancey,
942 S.W.2d 151, 155-56 (Tex.App. - Fort Worth 1997, no writ); Friedman and
Associates, P.C. v. Beltline Road, Ltd., 861 S.W.2d 1, 3 (Tex.App. - Dallas
1993, writ dism=d
agr.); Zarsky v. Zurich Management, Inc., 829 S.W.2d 398 (Tex.App. - Houston
[14th Dist.] 1992, no writ); GTE Communications Systems Corp. v. Curry, 819
S.W.2d 652, 653-54 (Tex.App. - San Antonio 1991, no writ); Kahn v. Garcia, 816
S.W.2d 131 (Tex.App. - Houston [1st Dist.] 1991, no writ).

In
the order granting Rebecca Davis Jones= motion for sanctions, the trial
court found that King had no claim to the property in question, that King filed
the current suit in bad faith, and that his lawsuit was groundless. 

Additionally,
in the findings of fact requested by King, the trial court found as follows:
(1) that King=s suit
was groundless and brought in bad faith; (2) that King=s
lawsuit was false; (3) that King was not the owner of the property at issue;
(4) that King=s suit
had no basis in fact; (5) that King=s suit was not warranted by
existing good law or a good faith argument for the extension, modification or
reversal of existing law; (6) that there was no reasonable probability that
King would prevail in the litigation against Rebecca Davis Jones; and (7) that
prior litigation on the same subject matter had previously been brought by King
and this suit was an attempt to re-litigate the same claims previously
determined. 

The
trial court=s
decision to sanction King for bringing a groundless lawsuit was reasonable in
view of the history of the litigation surrounding the property at issue.  King has sued every owner of the property at
issue since he lost title by foreclosure on August 5, 1986.  The sanctions awarded are supported by the
evidence.  King=s
second point of error is overruled.








In
his third point of error, King asserts that there
was no evidence or insufficient evidence to support the findings of fact.  The trial court can take judicial notice of
documents in the records of other cause numbers.  TEX.R.EVID. 201; Spera v. Fleming, Hovenkamp & Grayson, P.C.,
25 S.W.3d 863, 872 (Tex.App. - Houston [14th Dist.] 2000, no pet=n).  Therefore, the trial court could take notice
of prior adjudications of the ownership of the property between King and
subsequent owners.  Likewise, an
appellate court may take judicial notice of its judgments and records in the
same or related cases.  Rule 201;
Izaguirre v. Texas Employers= Insurance Association, 749
S.W.2d 550, 552 (Tex.App. - Corpus Christi 1988, writ den=d).

A
review of prior judicial proceedings involving these parties, as well as the
property at issue, provides a basis for the trial court=s
decision to sanction King in the current proceeding.  On two prior occasions, King has sued the owners of property which
belonged to him prior to its foreclosure asserting that it was still his
property.  In the first case, the Texas
Supreme Court refused appellant=s application for writ of
error.  In the second case, the supreme
court denied his appeal.  On February 5,
2001, King filed the current lawsuit against Rebecca Davis Jones, asserting
that she wrongfully entered his property and refused to surrender possession on
demand.  Because King=s lack
of ownership of the property has previously been determined on two occasions
and because we have taken judicial notice of the records of these
determinations, we find that the evidence is sufficient to support the findings
of fact.  King=s
third point is overruled.

We
affirm the judgment of the trial court.

 

PER CURIAM

 

December 6,
2001

Do not
publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J.,
and

Wright, J., and McCall, J.