**AFFIRM; and Opinion Filed May 8, 2015.**



# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00170-CV

**ERIC DRAKE, Appellant**

**V.**

**CONSUMERS COUNTY MUTUAL INSURANCE, TRAVELERS INDEMNITY COMPANY, Appellees**

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 12-03940**

## MEMORANDUM OPINION

Before Justices Brown, Stoddart, and O'Neill[1]
Opinion by Justice O'Neill

Eric Drake appeals the trial court's order granting summary judgment. In ten issues Drake challenges the authority of various judges who determined motions in the case, arguing they lacked authority to rule on the matters they considered. He also maintains the trial court's ultimate determination that the statute of limitations barred his claims was incorrect. We affirm the judgment of the trial court.

### FACTUAL AND PROCEDURAL BACKGROUNd

This proceeding began as a suit arising out of two separate and unrelated automobile accidents, involving different drivers, that occurred on different days in May 2005. In 2006, Drake filed one suit with respect to both accidents. *Drake v. Andrews*, 294 S.W.3d 370, 372 n.2

---

[1] The Hon. Michael J. O'Neill, Justice, Assigned

(Tex. App.—Dallas 2009, pet. denied). In the suit, he named as defendants Alice Andrews, the operator of the vehicle that collided with his car in the first accident, and Carmen Sifuentes, the owner of the vehicle that collided his car in the second accident. Roughly five and a half years after filing suit against Andrews and Sifuentes, Drake moved to sever his claims against Sifuentes from his claims against Andrews. The trial court granted the motion and issued the cause number from which this appeal arose for the claims against Sifuentes.

On July 31, 2007, one of the appellees, Consumers County Mutual Insurance Company, denied Drake's uninsured motorist and personal injury protection claims arising from the accident in which the vehicle owned by Sifuentes was involved. Upon CCM's denial of his claim, he did not attempt to make CCM a party to the suit he had initially filed against Andrews and Sifuentes. Rather, on July 13, 2011, Drake filed suit against CCM and Travelers Indemnity Company in the United States District Court for the Eastern District of Texas. On January 31, 2012, the federal district court magistrate to whom the case had been referred for determination of pre-trial matters ordered Drake to amend his original complaint to include facts clearly alleging federal jurisdiction. The order advised that failure to comply with the order "may lead to a recommendation that this lawsuit be dismissed, with or without prejudice, for failure to prosecute or to obey any Order of the Court." Drake failed to amend his complaint and instead filed a motion to transfer venue. As Drake explains, "in Drake's opinion, the suit against appellees did not need to be amended . . . ." Consequently, the federal magistrate recommended dismissal of Drake's complaint without prejudice noting:

Importantly, two of the three cases currently pending before the Court involve insurance coverage regarding automobile accidents that allegedly occurred in 2005 and 2007. The time for Plaintiff to file suit, even if he were now to allege sufficient jurisdictional facts, has expired. For all of the above reasons, the Court recommends Plaintiff's above-entitled and numbered causes of action be dismissed without prejudice.

The magistrate further recommended that Drake be prohibited from filing further suits in forma pauperis in the Eastern District of Texas without first obtaining permission of a district judge. On March 16, 2012, the federal district court adopted the magistrate's report and recommendation and dismissed Drake's claims against CCM and Travelers without prejudice. In its order of dismissal, the federal court noted:

> Plaintiff . . . takes issue with the Magistrate Judge's outlining the past 12 years of Plaintiff's litigation history . . . . .
>
> Plaintiff has repeatedly failed to allege sufficient facts to properly invoke the Court's diversity jurisdiction as ordered by the Court. Rather than amend his Original Complaints with additional jurisdictional facts as ordered by the Court, Plaintiff instead requested . . . to transfer venue . . . . In denying Plaintiff's requests for a transfer to the Northern District of Texas, the Magistrate Judge correctly noted that the requests are in line with Plaintiff's past conduct as a vexatious litigant.
>
> . . . The Court is of the opinion the Magistrate Judge correctly recommended Plaintiff's cases be dismissed without prejudice.

Following the dismissal of his federal suit against CCM and Travelers, on April 11, 2012, Drake filed his first amended petition in this cause adding claims against CCM and Travelers to his existing suit against Sifuentes. CCM and Travelers moved for summary judgment contending Drake's claims against them were barred by limitations. The trial court granted the motion for summary judgment. Drake then obtained a default judgment against Sifuentes, which finally disposed of all claims and parties in the case. Sifuentes has not appealed the trial court's judgment.

–3–

**DENIAL OF MOTIONS TO RECUSE**

In his first issue, Drake argues Judge Martin Hoffman, the trial judge, should have recused himself from hearing this case.[2] In his second issue, Drake contends Judge John Ovard, who was the presiding judge while this case was pending in the trial court, lacked authority to appoint any of the judges who were assigned to hear Drake's motion to recuse Judge Hoffman because Judge Ovard made those assignments while a motion to recuse Judge Ovard was pending. In his third and fourth issues Drake asserts that Judge Pat McDowell and Judge John Creuzot, both of whom signed orders related to Drake's motion to recuse Judge Hoffman, lacked authority to sign the orders they signed in this case and their orders are void as a result.[3] We do not reach the merits of Drake's arguments.

During a five-month period following the severance of this case, beginning on September 13, 2012, Drake filed multiple motions in which he sought the recusal of six judges: Judge Hoffman, Judge Ovard, and four additional judges, including Judge Creuzot, all of whom were sitting district judges at the time Drake filed his recusal motions.[4] During the same period Drake

---

[2] Prior to the severance of Drake's claims against Andrews from the claims against Sifuentes, Drake had filed at least three prior motions to recuse in the earlier cause number, seeking to recuse Judge Hoffman and seven other judges, including Judge Ovard. After the case was severed from the earlier cause number, Drake twice more moved to recuse Judge Hoffman. Drake filed his first motion to recuse Judge Hoffman in the current cause number on September 13, 2012. The September 13, 2012 recusal motion sought to recuse Judge Hoffman and three additional sitting district judges. Judge Hoffman declined to recuse and referred the case to the regional presiding judge, Judge John Ovard, for determination of the recusal motion. Judge Hoffman correctly noted in his order declining recusal that he would continue to preside over the case, sign orders and move the case to final disposition as required by section 30.016 of the Texas Civil Practice and Remedies Code because this was the fourth recusal motion filed in the case. The civil practice and remedies code provides: "'Tertiary recusal motion' means a third or subsequent motion for recusal or disqualification filed against a district court or statutory county court judge by the same party in a case." TEX. CIV. PRAC. & REM. CODE ANN. § 30.016(a) (West 2015). A judge who declines recusal after a tertiary recusal motion "shall" continue to preside over the case, sign orders in the case and move the case to final disposition as though a tertiary recusal motion had not been filed. TEX. CIV. PRAC. & REM. CODE ANN. § 30.016(b). Because Drake's September 13, 2012 recusal motion, filed in the current cause number, sought the recusal of four sitting district court judges, it was itself a tertiary recusal motion. Therefore, we need not determine whether the motions to recuse filed in the prior cause number could also be included in determining whether Judge Hoffman was entitled to proceed under the provisions of the civil practice and remedies code governing tertiary recusals.

[3] Judge McDowell signed an order dated November 1, 2012 denying Drake's motion to recuse Judge Creuzot. Judge Creuzot signed an order dated November 1, 2012 denying Drake's motion to recuse Judge Hoffman. In addition to signing the November 1, 2012 order denying the motion to recuse Judge Hoffman, Judge Creuzot also signed an October 23, 2012 order granting a motion to quash filed by a member of Judge Ovard's staff in response to Drake's subpoena which sought to compel the staff member to testify at the hearing on the motion to recuse Judge Hoffman.

[4] Drake filed his first motion to recuse in this cause number on September 13, 2012. That motion was styled as a motion to "recuse and disqualify" Judge Hoffman and Judge Ovard, but also sought the recusal of two sitting Dallas County district court judges, Judge Robert Burns and Judge Lorraine Raggio, and one assigned judge, Judge Melvin Kent Sims, whose relation to the case is unclear. On October 19, 2012 Drake filed a motion to recuse Judge Creuzot. Drake filed yet another motion to "recuse and disqualify" Judge Hoffman and Judge Ovard on February 21, 2013, repeating in substantial part the allegations of his earlier motion. Although Drake's September 13, 2012 and

–4–

also objected to the assignment to this case of a total of eight judges, including Judge McDowell and Judge Mike Snipes.[5] Ultimately, however, on February 27, 2013, Drake moved to withdraw his motion to recuse Judge Hoffman and Judge Ovard.

By virtue of the withdrawal of his motion to recuse Judge Hoffman, Drake has failed to preserve error with respect to any of his complaints concerning the recusal of Judge Hoffman.[6] *See* TEX. R. APP. P. 33.1; *Neely v. Comm'n for Lawyer Discipline*, 302 S.W.3d 331, 350 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (party who withdrew motion to recuse waived error on appeal). Accordingly, we overrule Drake's first issue.

Additionally, with Drake's withdrawal of his motion to recuse Judge Hoffman, the orders signed by Judge Ovard, Judge McDowell, Judge Creuzot and Judge Snipes, which related solely to issues pertinent to the motion to recuse Judge Hoffman, became immaterial and the question whether their orders were void became moot. *Cf. Cervantes v. State,* No. 11-06-00067-CR, 2006 WL 1169675, at *1 (Tex. App.—Eastland May 4, 2006, pet. ref'd) (motion to recuse judge assigned to hear motion to recuse trial judge became moot when different judge determined the

---

February 21, 2013 motions are styled as motions to "recuse or disqualify" Judge Hoffman and Judge Ovard, they do not assert any ground for which a judge must be disqualified. *See* TEX. R. CIV. P. 18a(a)(2) (motion seeking to recuse or disqualify judge must assert one or more grounds listed in rule 18b); TEX. R. CIV. P. 18b(a) (setting forth grounds for disqualification). Accordingly, we construe the motions as motions to recuse and not as motions to disqualify.

[5] On October 11, 2012 Drake filed a motion pursuant to section 74.053(b) of the Texas Government Code objecting to the assignment of Judge Pat McDowell, who was then a retired judge, to the hearing on the motion to recuse Judge Hoffman. Although titled, "Plaintiffs' Motion to Recuse and Disqualify Martin Hoffman and John Ovard," Drake's February 21, 2013 motion also "objected" to Judge Burns, Judge Raggio, Judge McDowell, Judge Creuzot, Judge Andrew Kupper or Judge Sims hearing "any parts of this tort claim, this recusal proceedings, or act[ing] in any way because either there is pending litigation against some of these judges that the Plaintiff has filed or they have been bias against Plaintiff and Plaintiff objects." On March 1, 2013, Drake filed an objection to the assignment of Judge Mike Snipes to the motion to recuse Judge Hoffman.

[6] These complaints include, inter alia, that Judge Hoffman is biased and hostile to Drake, that Judge Hoffman could not preside because Drake sued Judge Hoffman in federal court and Judge Hoffman is a "material witness" in the federal suit, that the manner in which the recusal proceedings were conducted violated the Texas Rules of Civil Procedure and Drake's constitutional rights, that the court reporter failed to transcribe tape recordings Drake clandestinely made of a telephone hearing including Judge Hoffman and one of Drake's former lawyers that Drake contends show Judge Hoffman's disparate treatment of Drake, that these tape recordings were not entered into evidence or considered in determining the motion for new trial, and that Judge Hoffman treated Drake's motions for recusal differently than he treated motions made by others. Drake's withdrawal of his motion to recuse Judge Hoffman also disposes of his complaint that the appellate record has been altered in this case in that Volume 2, page 4, lines 15 - 17 should read, "And I would like to preserve for the appellate court any objections of you hearing this TRO for the record," rather than "And I would like to preserve for the appellate court any objections of the hearing for the record." As noted in our order of August 20, 2013 the alleged inaccuracy is insignificant in any event.

motion to recuse trial judge.). For that reason we overrule Drake's second, third and fourth issues.

## GRANT OF SUMMARY JUDGMENT

*Notice of Summary Judgment Hearing*

In his seventh issue, Drake contends, relying on *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939), that trial court erred in granting summary judgment because Drake did not receive notice of the November 9, 2012 hearing on the motion for summary judgment. CCM and Travelers filed their motion for summary judgment on August 2, 2012. Drake filed a response to the motion on September 13, 2012 and an amended response to the motion on September 20, 2015. Although the supreme court has left open the question whether the *Craddock* test applies in certain cases in which the trial court grants summary judgment without receiving a response from the non-movant, *see Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002),[7] *Craddock* does not determine whether the trial court must set aside a summary judgment granted in a case in which the non-movant did not receive notice of the hearing but nonetheless responded to the motion for summary judgment.

An oral hearing on a motion for summary judgment is not mandatory. *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998). The purpose of the notice requirement in rule 166a is to allow the party responding to the motion to determine the date the response is due. *Id.* Thus, it is error to grant summary judgment without notice. *Id.* The error is harmless, however, when the trial court's failure to provide notice does not prevent the opposing party from fully responding to the motion and the trial court considers the response in determining the motion. *Id.*

---

[7] In *Carpenter v. Cimarron Hydrocarbons Corp* the supreme court concluded the *Craddock* test also does not apply to a motion for new trial filed after judgment has been granted on a summary-judgment motion to which the non-movant failed to timely respond when the party had an opportunity to seek a continuance or obtain permission to file a late response. *Carpenter,* 98 S.W.3d at 686.

Accepting as true, for the purposes of this argument, that Drake did not receive notice of the hearing on the motion for summary judgment, any error was harmless. Drake filed a response to the motion for summary judgment and the record reflects the trial court considered the arguments made in Drake's response, in particular Drake's argument that the statute of limitations was tolled when he filed suit in federal court. Drake does not argue he would have filed a supplemental response or offered additional evidence had he been aware of the hearing date. *See Whiteside v. Ford Motor Credit Co.*, 220 S.W.3d 191, 195 (Tex. App.—Dallas 2007, no pet.) (appellant failed to establish harm from lack of notice of submission of motion for summary judgment, when he failed to show what further response he wished to make and failed to set forth any evidence he was precluded from presenting to trial court). We overrule Drake's seventh issue.

*Absence of Fact Issues Regarding Tolling of Limitations*

In his sixth, eighth and ninth issues Drake contends the trial court erred in granting summary judgment. He argues the defendants' summary judgment evidence was legally and factually insufficient to support the trial court's judgment.[8] He further maintains genuine issues of material fact existed with respect to whether his causes of action were tolled and whether he exercised diligence in attempting to serve the defendants.

We review a trial court's decision to grant summary judgment de novo. *Travelers Ins. Co. v. Joachim,* 315 S.W.3d 860, 862 (Tex. 2010). When moving for traditional summary judgment, the movant has the burden to demonstrate that no genuine issue of material fact exists and judgment should be rendered as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985). The movant must either: (1) disprove at least

---

[8] A traditional summary judgment cannot be challenged on the basis of the legal and factual sufficiency of the summary judgment evidence. *Zea v. Valley Feed & Supply, Inc.*, 354 S.W.3d 873, 877 (Tex. App.—El Paso 2011, pet. dism'd). The issue is whether the movant conclusively established its right to summary judgment as a matter of law. *Id.* We will review the summary judgment by utilizing the appropriate standard of review.

one essential element of the plaintiff's cause of action, or (2) plead and conclusively establish each essential element of his affirmative defense, thereby defeating the plaintiff's cause of action. *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex. 1995) (per curiam). In deciding whether there is a disputed material issue of fact that precludes summary judgment, the court must take the evidence favorable to the non-movant as true. *Nixon,* 690 S.W.2d 548–49. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.* at 549.

When a defendant moves for summary judgment based on the affirmative defense of the statute of limitations, the defendant must prove as a matter of law when the cause of action accrued. *Diversicare General Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005); *KPMG Peat Marwick v. Harrison Cnty. Housing Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). If the movant establishes that the statute of limitations bars the action, the non-movant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *KPMG Peat Marwick,* 988 S.W.2d at 748. When reviewing a summary judgment, we take as true all competent evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Diversicare*, 185 S.W.3d at 846; *Southwestern Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex. 2002) (citing *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex. 1997)).

A cause of action accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy. *Exxon Corp. v. Emerald Oil & Gas Co.,* 348 S.W.3d 194, 202 (Tex. 2011)) (op. on reh'g) (citing *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 221 (Tex. 2003)). Limitations statutes afford plaintiffs what the legislature deems a reasonable time to present their claims and protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the

loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents or otherwise. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990). The purpose of a statute of limitations is to establish a point of repose and to terminate stale claims. *Safeway Stores, Inc. v. Certainteed Corp.,* 710 S.W.2d 544, 545–46 (Tex. 1986).

Drake argues that fact issues existed with regard to whether his claims were barred by limitations.[9] The general rule governing when a claim accrues is the "legal injury rule," which provides that a claim accrues "when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *Bertrand v. Bertrand*, 449 S.W.3d 856, 866 (Tex. App.—Dallas 2014) (quoting *S.V. v. R.V.,* 933 S.W.2d 1, 4 (Tex. 1996)). Generally, the date of accrual of a cause of action is a question of law. *Sharpe v. Roman Catholic Diocese of Dallas*, 97 S.W.3d 791, 795 (Tex. App.—Dallas 2003, pet. struck) (citing *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 351 (Tex. 1990)). In cases in which the insured's claim is denied outright, the injury producing event is the denial of coverage. *See Murray*, 800 S.W.2d at 829. The date of accrual of a cause of action may be a question of fact in a case in which the plaintiff's claim is never denied outright. *See Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221–22 (Tex. 2003). In this case, however, there is no dispute that CCM denied Drake's claim outright on July 31, 2007, so there are no factual issues precluding summary judgment regarding the date Drake's claim accrued. Thus, as a matter of

---

[9] We note that CCM and Travelers moved for summary judgment not only on based on limitations but also based on the argument that there was no private right of action for Drake's claim of witness tampering. Drake has not addressed the second ground in this appeal. When there are multiple grounds asserted for summary judgment and the order is silent as to the ground upon which summary judgment was granted, the appealing party must negate all grounds on appeal. *See State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex. 1993); *Bailey v. C.S.*, 12 S.W.3d 159, 162 (Tex. App.—Dallas 2000, no pet.). As a result, Drake has waived any error with respect to the grant of summary judgment with regard to his claims concerning witness tampering.

law, limitations on Drake's claims began to run on July 31, 2007, the date CCM advised Drake that it refused to pay his claim as a result of his failure to cooperate in the claims process.[10]

*Effect of Pendency of Federal Suit on Statute of Limitations*

Drake filed this suit on April 11, 2012, almost five years after the date his insurance claims were denied. Because the longest limitations period for any of Drake's claims was four years[11] from the date his claims under the insurance policy were denied, whether Drake's claim is barred depends on whether he interrupted the running of limitations by filing suit in federal court. Drake contends his federal suit was effective to toll limitations.[12] We disagree.

Drake first contends that the suit was tolled under 28 U.S.C. §1367(d). Section 1367 concerns the supplemental jurisdiction of federal courts over state law claims that would not otherwise fall within the federal court's original jurisdiction. Federal courts have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.. § 1367(a). The Supreme Court has explained: "When a federal district court has original jurisdiction over a civil cause of action, §1367 determines whether it may exercise supplemental jurisdiction over other claims that do not independently come within its jurisdiction, but that form part of the same Article III 'case or controversy.'" *Jinks v.*

---

[10] Drake asserts that the affidavit of Teresa Gray, the CCM records custodian who authenticated the letter denying Drake's claim, was not proper summary judgment evidence. He argues the affidavit is conclusory and contains unsubstantiated opinion. Drake fails to provide a citation to the record indicating that he has preserved these objections for appeal. *See* TEX. R. APP. P. 33.1. In any event, Drake's characterization of the affidavit is incorrect. Based on the business records of CCM, the affidavit attests that Drake was an insured under a policy issued by CCM, a fact admitted by Drake in his amended petition, that Drake made a claim under the policy, another fact admitted by Drake, and authenticates the letter denying the claim. None of these facts were disputed and the trial court properly considered the affidavit.

[11] All of the extra-contractual claims asserted in Drake's petition related to the investigation and denial of his claim and were governed by a two-year statute of limitations that accrued upon the insurer's notification that it would not pay Drake's claim because he had failed to cooperate in the claims process. *See Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). Drake's contractual claims were subject to a four-year statute of limitations. *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002).

[12] Drake contends the mere fact CCM and Traveler's disputed his argument that the statute of limitations was tolled created a genuine issue of material fact. Drake is incorrect. Where the tolling arguments of a party opposing summary judgment are without legal merit, a genuine issue of material fact does not exist. *Dolenz v. Boundy*, 197 S.W.3d 416, 420 (Tex. App.—Dallas 2006, pet. denied) ("Dolenz did not raise a fact issue about tolling because his tolling arguments are without merit.")

*Richland County, S.C.*, 538 U.S. 456, 458 (2003). Section 1367 sets forth situations in which a federal court may or must decline to exercise supplemental jurisdiction. *Id.* For that reason:

> [S]ome claims asserted under § 1367(a) will be dismissed because the district court declines to exercise jurisdiction over them and, if they are to be pursued, must be refiled in state court. To prevent the limitations period on such supplemental claims from expiring while the plaintiff was fruitlessly pursuing them in federal court, § 1367(d) provides a tolling rule that must be applied by state courts

*Id.*

In Drake's view, section 1367(d) thus operates as a means for tolling state statutes of limitations regardless of whether the state law claims were asserted in conjunction with any claim over which a federal court has original jurisdiction and regardless of the reason for the dismissal of the federal suit. We disagree that the reason for the federal court's dismissal is immaterial to the application of section 1367.[13] The Supreme Court has explained:

> With respect to the *dismissals* the tolling provision covers, one could read § 1367(d) in isolation to authorize tolling regardless of the reason for dismissal, but § 1367(d) occurs in the context of a statute that specifically contemplates only a few grounds for dismissal. . . . [W]e are looking for a clear statement of what the rule *includes,* not a clear statement of what it *excludes.*

*Raygor v. Regents of Univ. of Minnesota*, 534 U.S. 533, 546 (2002). Section 1367(d) does not, on its face, clearly extend state law limitations periods that would otherwise bar claims that have been dismissed by a federal court for failure to comply with the federal court's orders. The federal court's order issued in conjunction with its dismissal of Drake's claims, the magistrate's order requiring Drake to replead and the magistrate's report recommending dismissal of Drake's suit together show the dismissal was not a result of the federal court's decision to decline the exercise of supplemental jurisdiction over state law claims "so related to claims in the action within [the federal court's] original jurisdiction that they form part of the same case or

---

[13] Because we conclude that a dismissal for failure to comply with the federal court's orders does not permit a plaintiff to seek shelter under section 1367 from the running of the statute of limitations, we need not reach the question whether a plaintiff's facially jurisdictionally meritless attempt to invoke federal jurisdiction falls within the ambit of section 1367(d).

–11–

controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367. This is not a case in which the federal court dismissed or rendered judgment on the federal claims in the case leaving only state law claims pending. It is not a case in which the federal court dismissed claims against diverse defendants leaving only state law claims against non-diverse defendants pending. Rather, the federal court dismissed all of Drake's claims because he refused to comply with the court's order to amend his pleadings and instead filed a motion to transfer venue that the federal court deemed frivolous. Section 1367(d) is simply not applicable in such a situation. *Cf. Parrish v. HBO & Co.,* 85 F. Supp. 2d 792, 797 (S.D. Ohio 1999) (finding section 1367(d) inapplicable to plaintiff's state law claims that plaintiff voluntarily dismissed). For that reason, we conclude section 1367(d) did not operate to extend the limitations period for filing Drake's claims.

Drake also asserts, in the section of his brief devoted to arguing that the trial court erroneously failed to grant his motion for new trial, that the limitations period was tolled under section 16.064 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 16.064 (West 2015). While Drake specifically asserted in his "Motion for Rehearing on Default Judgement" and his "Verified Motion to Reinstate and for New Trial," that 28 U.S.C. §1367(d) and equitable tolling rendered his lawsuit timely, Drake first raised the argument that section 16.064 of the civil practice and remedies code provided an additional basis for tolling in his "Amended Motion for New Trial," which was filed January 10, 2013, more than thirty days after the rendition of judgment in the case.

A party may file an amended motion for new trial without leave of court before any earlier motion for new trial is overruled and within thirty days after the judgment. TEX. R. CIV. P. 329b(b). The only purpose of such an amended motion for new trial is "to guide the trial court in the exercise of its inherent authority, and it is a nullity for purposes of preserving issues for

appellate review." *Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003). Accordingly, Drake has waived his argument that section 16.064 of the civil practice and remedies code tolled limitations with regard to his claims. Moreover, section 16.064 tolls the limitations period if, "because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed." TEX. CIV. PRAC. & REM. CODE ANN. § 16.064(a)(1). We have concluded that the federal court's dismissal of Drake's claim was for failure to comply with the federal court's orders. Accordingly, section 16.064 does not operate to toll his claims.

Drake finally asserts that the trial court should have concluded that the limitations period for his claim was equitably tolled while his case was pending in federal court because, once filed, he had no control over the speed at which the federal court would determine his motion to proceed as a pauper. Equitable tolling is a "sparingly invoked" doctrine. *Hand v. Stevens Transp., Inc. Employee Benefit Plan*, 83 S.W.3d 286, 293 (Tex. App.—Dallas 2002, no pet.). A party seeking to invoke equitable tolling must establish an "excusable reason" for not having brought suit in the limitations period which is "of a nature sufficient to show that the abandonment was not in fact voluntary." *Irwin v. Basham*, 507 S.W.2d 621, 625 (Tex. Civ. App.—Dallas 1974, writ ref'd n.r.e.), A party may not rely on equitable tolling to overcome his own negligence. *Hand,* 83 S.W.3d at 293.

Drake seeks to excuse his intentional strategic choices: a) to pursue his suit in federal court when it was questionable whether his claim fell within the original jurisdiction of the federal court and b) to refuse to amend his pleading when ordered to do so by the federal court. Such conduct cannot equitably toll limitations. As we noted in a case involving dismissal for failure to comply with a state court's discovery order, were the rule otherwise, plaintiffs could freely engage in abusive or uncooperative conduct to "essentially lengthen the available limitations period because they could refile their suits at no disadvantage long after limitations

had run. We cannot approve of such a result." *Armstrong v. Ablon*, 686 S.W.2d 194, 196 (Tex. App.—Dallas 1984, no writ). The circumstances of this case preclude equitable tolling as a matter of law.

Because we conclude the summary judgment evidence demonstrated Drake's claims were barred by limitations at the time they were filed, we need not reach his contention that a factual issue exists concerning whether he demonstrated diligence in attempting service. The question of diligence of service arises in cases in which suit is filed within the limitations period, but the defendant is not served until after limitations expires. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) ("When a plaintiff files a petition within the limitations period, but does not serve the defendant until after the statutory period has expired, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service."). As discussed above, the summary judgment evidence demonstrated Drake filed suit after the limitations period ran so whether he was diligent in attempting to procure service is immaterial.

For similar reasons we need not reach Drake's argument that CCM and Travelers improperly refused his claim based on his failure to cooperate in the claims process. Drake's arguments go to the merits of his claims against CCM and Travelers and we have concluded the trial court properly granted summary judgment on CCM and Travelers affirmative defense of limitations. Thus, whether Drake's claims have merit is not material to the resolution of this appeal.

We overrule Drake's sixth, eighth and ninth issues.

*Dismissal of Claims Against Travelers with Prejudice*

In his fifth issue, Drake contends the trial court erred in dismissing his claim against Travelers with prejudice. The defendants stated in their motion for summary judgment that Travelers did not issue the policy that was the subject of the suit and was not a proper party to

the suit. They nonetheless argued that based on the summary judgment evidence, the claims Drake asserted against both CCM and Travelers were time barred. They requested "that the Court put an end to Plaintiff's repeated litigation regarding this matter and enter summary judgment that Plaintiff take nothing by way of his time-barred claims."

Because summary judgment is a decision on the merits unless set aside by the trial court, dismissal with prejudice as to the issues on which a trial court has granted summary judgment is appropriate. *Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853, 855 (Tex. 1995). Drake asserted all of his causes of action jointly against "CCM/Travelers," but he argues that because Travelers maintains it did not issue the policy, and he now agrees that Travelers was not a proper party, the claims against Travelers should have been dismissed without prejudice or severed. The record does not reflect that Drake sought to non-suit or sever his claims against Travelers prior to the rendition of summary judgment. As discussed above, summary judgment was proper on these claims because the summary judgment evidence shows any claims Drake might have asserted against CCM or Travelers accrued on the date CCM denied Drake's claim and the limitations period was not tolled by the filing of Drake's suit in federal court. Accordingly, the trial court did not err in rendering judgment with prejudice on the claims against Travelers. We overrule Drake's fifth issue.

**DENIAL OF MOTION FOR NEW TRIAL**

In his tenth issue, Drake complains the trial court erred in failing to grant his motion for new trial and in allowing the motion to be overruled by operation of law. The denial of a motion for new trial is reviewed under an abuse of discretion standard. *El Dorado Motors, Inc. v. Koch,* 168 S.W.3d 360, 368 (Tex. App.—Dallas 2005, no pet.). We may not overrule the trial court's decision unless the trial court acted unreasonably or in an arbitrary manner, without reference to guiding rules or principles. *Landerman v. State Bar of Texas*, 247 S.W.3d 426, 433 (Tex.

App.—Dallas 2008, pet. struck); *El Dorado Motors, Inc.,* 168 S.W.3d at 368. Every reasonable presumption will be made on review in favor of the trial court's refusal of a new trial. *El Dorado Motors, Inc.,* 168 S.W.3d at 368.

Drake argues that the trial court attempted to mislead him into forgoing his appeal by leading him to believe: a) that the trial judge would rule on the motion for new trial within 75 days rather than allowing the motion to be overruled by operation of law and b) by advising him that the trial court had a period of 105 days to set aside the judgment in the case. Drake nonetheless perfected a timely appeal. A trial court has no obligation to rule on a motion for new trial because it is overruled by operation of law after 75 days. TEX. R. CIV. P. 329b(c). The trial court retains plenary power to grant a new trial or to vacate, modify, correct or reform the judgment until thirty days after all timely filed motions for new trial are overruled by written order or operation of law – a period of 105 days. TEX. R. CIV. P. 329b(c); 329b(e). The trial court's actions and statements in this respect were neither erroneous nor harmful to Drake.

Drake next argues that the trial court should have applied the *Craddock* test in determining whether he was entitled to new trial. He then argues the trial court's determination of the merits of his motion for summary judgment was incorrect and reiterates his belief that the trial judge was biased against him. Having determined that Drake failed to preserve error with respect to his recusal issues, having already concluded *Craddock* does not apply to cases in which the defendant filed a response to the motion for summary judgment, and having determined that the trial court properly granted summary judgment, we conclude Drake has not shown that the trial court abused its discretion in failing to grant new trial. *El Dorado Motors, Inc.,* 168 S.W.3d at 368; *Landerman v. State Bar of Tex.*, 247 S.W.3d 426, 433 (Tex. App.—Dallas 2008, pet. struck) ("because we have concluded in addressing appellant's other issues that

–16–

there was no error by the trial court that harmed appellant, we also conclude the trial court did not abuse its discretion in denying appellant's motion for new trial.").

## CONCLUSION

We have resolved each of Drake's issues against him. Accordingly, we affirm the trial court's judgment.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE, ASSIGNED

130170F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ERIC DRAKE, Appellant

No. 05-13-00170-CV      V.

CONSUMERS COUNTY MUTUAL
INSURANCE, AND TRAVELERS
INDEMNITY COMPANY, Appellees

On Appeal from the 68th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 12-03940.
Opinion delivered by Justice O'Neill.
Justices Brown and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CONSUMERS COUNTY MUTUAL INSURANCE, AND TRAVELERS INDEMNITY COMPANY recover their costs of this appeal from appellant ERIC DRAKE.

Judgment entered this 8th day of May, 2015.