Urbano ZEA, Jr. a/k/a Urbano Zea, Appellant,

v.

VALLEY FEED AND SUPPLY, INC., United Valley Pet Foods, L.P., and United Valley Pet Food Management, L.L.C., Appellees.

No. 08–10–00280–CV.

Court of Appeals of Texas, El Paso.

Aug. 31, 2011.

Rehearing Overruled Sept. 28, 2011.

Corey Haugland, James & Haugland, P.C., El Paso, TX, for Appellant.

Christopher R. Johnston, Firth, Johnston, Martinez, El Paso, TX, for Appellees.

Before McCLURE, J., BARAJAS, C.J. (Ret.), and LARSEN, J.

## OPINION

ANN CRAWFORD McCLURE, Justice.

Urbano Zea, Jr. a/k/a Urbano Zea appeals from a summary judgment in favor of Valley Feed and Supply, Inc., United Valley Pet Foods, L.P., and United Valley Pet Food Management, L.L.C. (collectively Valley Feed). For the reasons that follow, we affirm.

## FACTUAL SUMMARY

Zea is a Mexican businessman who has been involved in importing grains and pet food to Mexico since the early 1990's. One of the products Zea imported was Travis'

Apetito dog food. In 2002, Dean Travis and Zea formed a Mexican company, Apetito S de RL de CV, in order for the parties to obtain export/import insurance.

In 2002, Travis and Bobby Surratt entered into an Agreement of Limited Partnership of United Valley Pet Foods, L.P. with each partner having a sharing ratio of 49.5 percent. The general partner, United Valley Pet Food Management, L.L.C., had the remaining 1 percent interest. Travis redeemed Surratt's partnership interest in March 2004. The following month, Zea acquired a 25 percent interest from Travis in the limited partnership, United Valley Pet Foods, for the purchase price of $82,500. Zea paid $32,500 in cash and executed a $50,000 note for the balance.

Zea executed a security agreement to secure payment of the note. Travis had the option to buy back Zea's 25 percent interest anytime before April 1, 2009.

In 2008, Travis notified Zea that he was in arrears on the note, but Zea responded that he was current because his share of the annual partnership profits should have been applied to the note pursuant to an agreement of the parties. Unable to resolve the dispute, Travis exercised his option to purchase Zea's 25 percent interest in the limited partnership, but the purchase was never completed.

On May 4, 2009, Travis filed his demand to arbitrate the dispute pursuant to an arbitration clause in the security agreement. Travis sought to enforce the option to purchase Zea's interest in the limited partnership. In his response, Zea raised numerous defenses, including fraud in the inducement, laches, estoppel, waiver, fraud, failure of consideration, want of consideration, illegality, and payment. Zea subsequently filed counterclaims on behalf of himself and third-party claims on behalf of Alimentos y Forajes Del Norte, S.A. de C.V. and Apetito, Sociedad de Responsibi-

lidad Limitada de Capital Variable. The arbitrator determined that Zea waived his right to bring the counterclaims because they had been untimely filed, but at the same time the arbitrator ruled that the counterclaims were identical to or at least similar to Zea's defenses and would therefore be considered during the arbitration. With respect to the third party claims, the arbitrator noted that the third party claimants were not parties or signatories to any of the agreements in question, and the arbitrator granted Travis's motion to dismiss the third party claims. The arbitrator made an award in favor of Travis on December 14, 2009, finding that he was entitled to specific performance of the purchase option.

In the meantime, Zea had filed suit against Travis, Valley Feed and Supply, United Valley Pet Foods, and United Valley Pet Food Management (the Valley Feed defendants) in November 2009. The second amended petition included claims based on fraud, fraud by non-disclosure, breach of fiduciary duty, breach of contract, money had and received, unjust enrichment, and conspiracy. All of these claims relate to Zea's investment in United Valley Pet Foods, the promissory note, the partnership agreement, Zea's partnership with Travis, and the representations made by Travis to Zea which induced him to enter into the partnership.

Travis filed a motion to confirm the arbitration award in the same suit. The trial court confirmed the award and severed both the suit against Travis and the judgment confirming the arbitration award from the remaining claims. The Valley Feed defendants moved for summary judgment on the ground of collateral estoppel. The trial court granted summary judgment in favor of the Valley Feed defendants. This appeal follows.

## COLLATERAL ESTOPPEL

In his sole issue, Zea contends that the trial court erred by granting summary judgment in favor of Valley Feed on the basis of collateral estoppel.

### Standard of Review

■ The standard of review for traditional summary judgment under Tex. R.Civ.P. 166a(c) is well established. *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546, 548 (Tex.1985). The moving party carries the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Diversicare General Partner, Inc. v. Rubio,* 185 S.W.3d 842, 846 (Tex.2005); *Browning v. Prostok,* 165 S.W.3d 336, 344 (Tex.2005). Evidence favorable to the non-movant will be taken as true in deciding whether there is a disputed issue of material fact. *Fort Worth Osteopathic Hospital, Inc. v. Reese,* 148 S.W.3d 94, 99 (Tex.2004). All reasonable inferences, including any doubts, must be resolved in favor of the non-movant. *Id.* A defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of each of the plaintiff's causes of action or if it conclusively establishes all elements of an affirmative defense. *D. Houston, Inc. v. Love,* 92 S.W.3d 450, 454 (Tex.2002); *Randall's Food Markets, Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995). Once the defendant establishes a right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678–79 (Tex.1979); *Scown v. Neie,* 225 S.W.3d 303, 307 (Tex.App.-El Paso 2006, pet. denied).

### Elements of Collateral Estoppel

■ Collateral estoppel applies when an issue decided in the first action is actu-

ally litigated, essential to the prior judgment, and identical to an issue in a pending action. *Texas Department of Public Safety v. Petta,* 44 S.W.3d 575, 579 (Tex. 2001). The doctrine is designed to promote judicial efficiency and to prevent inconsistent judgments by preventing any relitigation of an ultimate issue of fact. *Id.* Strict mutuality of parties is no longer required. *Id.; Richards v. Commission for Lawyer Discipline,* 35 S.W.3d 243, 249 (Tex.App.-Houston [14th Dist.] 2000, no pet.). It is only necessary that the party against whom collateral estoppel is being asserted had a full and fair opportunity to litigate the issue. *Petta,* 44 S.W.3d at 579; *see Eagle Properties, Ltd. v. Scharbauer,* 807 S.W.2d 714, 721 (Tex.1990).

■ An arbitration award is conclusive on the parties as to all matters of fact and law submitted to the arbitrators because the award has the effect of a judgment of a court of last resort. *CVN Group, Inc. v. Delgado,* 95 S.W.3d 234, 238 (Tex.2002). In collateral proceedings, the courts apply collateral estoppel principles to arbitration awards. *Continental Holdings, Ltd. v. Leahy,* 132 S.W.3d 471, 474 (Tex.App.-Eastland 2003, no pet.). If an issue was not actually decided in a prior arbitration proceeding or if its resolution was not necessary to the arbitration award, its litigation in a subsequent proceeding is not barred by collateral estoppel. *Id.* at 474–75.

### Zea's Arguments

■ Zea first argues that the summary judgment proof was legally and factually insufficient to establish each element of [Valley Feed's] affirmative defense of collateral estoppel as a matter of law. A traditional summary judgment cannot be challenged on the basis of the legal and factual sufficiency of the summary judgment evidence. The issue is whether the

movant conclusively established its right to summary judgment as a matter of law. We will review the summary judgment by utilizing the appropriate standard of review.

■ Zea next asserts that collateral estoppel does not apply because the arbitrator dismissed his third party claims on the basis they were outside the scope of the arbitration clause. In other words, Zea contends that the claims raised against Valley Feed in the instant suit were not decided in the arbitration. But the summary judgment record reflects that the arbitrator considered a number of defenses and counterclaims raised by Zea which are identical to the claims asserted against Valley Feed in this case. In Zea's pleadings filed in the arbitration suit, the section titled "Answer" alleged as follows:

> Travis should be denied any recovery on his claim on the promissory note. Recovery on the note is precluded by fraud in the inducement. The whole nature of the United Valley business enterprise was misrepresented by Travis when he obtained Zea's money and participation in the business of United Valley. Travis' right to recovery on the note is barred by laches, estoppel, fraud, failure of consideration, want of consideration, illegality, and payment.

The next section, titled "Counterclaim/Third–Party Claims," alleged that:

> To the extent necessary and possible, these counterclaims/third-party claims are brought on behalf of Urbano Zea, Alimentos, and Apetito. As described above, the conduct of Travis constitutes fraud, breach of fiduciary duty, money had and received, usurpation of business opportunities, unjust enrichment, breach of obligation of good faith and fair dealing in a commercial transaction, and breach of contract.

Travis has damaged Zea by fraudulently inducing him into investing in United Valley, encouraging the expansion of the Mexican operations with the increased liabilities associated with those expanded operations, and effectively stealing the Mexican customer base for the pet food products of United Valley. In addition, Travis has operated United Valley in violation of the partnership agreement and the agreements between Travis and Zea. The promissory note executed by Travis in order to acquire the interest of Surratt in United Valley has been paid out of United Valley, rather than by Travis directly. The sales from United Valley to Valley Feed have been at below market prices and the prices agreed upon by Zea and Travis. Prices charged by Valley Feed to Alimentos and Apetito have been above the price agreed on by Zea and Travis. Payment terms have been altered to favor Valley Feed. Similar opportunities for Zea's companies have not been allowed; and, the operations of United Valley have been manipulated by Travis to the detriment of Zea and for the sole betterment of Travis.

The arbitrator found that Zea failed to introduce evidence in support of his defenses of laches, failure of consideration, want of consideration, or illegality. Zea's fraud in the inducement allegations were raised as a defense, counterclaim, and third-party claim. The arbitrator concluded that the evidence introduced by Zea failed to prove fraud in the inducement. While the arbitrator dismissed Zea's third-party claims against Valley Feed, the arbitrator nevertheless decided the same issues in the form of defenses and counterclaims. Zea has raised these same issues in the suit against Valley Feed.

■ Zea also contends that Valley Feed failed to conclusively prove that the facts underlying Zea's defenses in the arbitration proceeding and the facts underlying Zea's claims in this suit are the same and that they were necessary to the arbitrator's award. Valley Feed was not obligated to establish the underlying facts in order to establish collateral estoppel. The party relying on the doctrine is required to introduce into evidence both the prior judgment and pleadings from the prior suit. *Jones v. City of Houston,* 907 S.W.2d 871, 874 (Tex.App.-Houston [1st Dist.] 1995, writ denied). Valley Feed's summary judgment evidence included the pleadings and the arbitrator's written decision.

Finally, Zea argues that Valley Feed failed to prove that they were adversaries against Zea in the arbitration proceeding. Valley Feed was not required to prove strict mutuality of parties for collateral estoppel to apply. *See Petta,* 44 S.W.3d at 579; *Richards,* 35 S.W.3d at 249. It only had to prove that Zea had a full and fair opportunity to litigate the issue in the arbitration proceeding. *See Petta,* 44 S.W.3d at 579; *Eagle Properties, Ltd.,* 807 S.W.2d at 721. The summary judgment evidence established that Zea had a full and fair opportunity to litigate these issues.

Valley Feed conclusively proved that Zea's claims are barred by collateral estoppel. We overrule the sole issue presented on appeal and affirm the judgment of the trial court.

BARAJAS, C.J. (Ret.), sitting by assignment.

LARSEN, J., sitting by assignment.