In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00033-CV
_____

COMMUNITYBANK OF TEXAS, N.A., Appellant

V.

ORANGE COUNTY INSURANCE BROKERAGE, INC. AND
IAN GARRETT, Appellees

On Appeal from the 136th District Court
Jefferson County, Texas
Trial Cause No. D-192,523-A

MEMORANDUM OPINION

The issue to be decided in this appeal is whether an agreed judgment in a bankruptcy adversary proceeding conclusively proves all elements of collateral estoppel as a matter of law. Because we conclude the issue of fraudulent inducement was not fully and fairly litigated by the party against whom the affirmative defense is sought to be applied, we hold the trial court erred in granting summary judgment on the basis of collateral estoppel.

1

Appellant CommunityBank of Texas, N.A. ("CommunityBank") appeals from a partial summary judgment granted in favor of appellees Orange County Insurance Brokerage, Inc. ("OCIB") and Ian Garrett. In three issues, CommunityBank contends that the trial court erred in concluding that CommunityBank is collaterally estopped from seeking to collect on a promissory note and personal guaranty against OCIB and Garrett as a result of an Agreed Final Judgment entered in a bankruptcy adversary proceeding between the maker of the note and the bankruptcy debtor. We agree and reverse the trial court's judgment and remand the case to the trial court for further proceedings.

**Background**

In its trial court pleadings, CommunityBank alleged the following facts. CommunityBank extended credit to Randy Jarrell, both individually and d/b/a the Beaty Insurance Agency (the "Agency"). To secure repayment of the indebtedness, Jarrell granted CommunityBank a security interest in certain assets belonging to Jarrell, including assets arising out of or related to the operation of the Agency. In May 2009, Jarrell entered into negotiations with Ian Garrett to sell the Agency and its assets to OCIB, a company owned by Garrett. Ultimately, Jarrell agreed to sell the Agency to OCIB, and Jarrell and OCIB entered into an asset purchase agreement (the "Asset Purchase Agreement"). The consideration for the sale

2

included, among other things, the execution and delivery by OCIB of a promissory note in the amount of $1,500,000 (the "Note"), which was made payable to Jarrell and was personally guaranteed by Garrett. To facilitate the purchase and sale, CommunityBank agreed to release its lien on the assets of the Agency and, in return, together with other consideration, take a collateral assignment of the Note from Jarrell.

For a period of time thereafter, OCIB made timely payments pursuant to the terms of the Note to Jarrell, who, in turn, delivered those payments to CommunityBank. OCIB's payments on the Note continued until January 2011, at which time OCIB purportedly ceased making payments due to an alleged dispute that arose between Jarrell and Garrett. Approximately one year after the sale, Jarrell filed for Chapter 7 bankruptcy. During the bankruptcy proceeding, CommunityBank filed a proof of claim to confirm its first lien collateral interest in the Note. CommunityBank then obtained an order from the bankruptcy court lifting the automatic stay and foreclosed on its collateral interest in the Note. The Note was sold at public sale and was purchased by CommunityBank.

During the bankruptcy proceeding, OCIB and Garrett filed an unsecured claim against the debtor's estate. OCIB and Garrett also filed an adversary proceeding to preclude the discharge of the purported debt that formed the basis of

3

their unsecured claim, alleging that OCIB's purchase of the agency and its assets was fraudulently induced by Jarrell. In support of their fraud claim, OCIB and Garret alleged, among other things, that in reliance upon certain representations made by Jarrell in the Asset Purchase Agreement, and in further reliance upon representations by Jarrell that he would use funds provided by OCIB to pay certain outstanding debts of the Agency and return any excess funds to OCIB, OCIB executed the Note in favor of Jarrell, and Garrett personally guaranteed payment of the Note. OCIB and Garrett alleged that following the execution of the Note, OCIB discovered that some or all of the representations by Jarrell that OCIB had relied upon in executing the Note were false. Based on these allegations, OCIB and Garrett alleged that OCIB had been fraudulently induced into executing the Note and that the Note was therefore "not . . . enforceable due to a total [or] partial failure of consideration[.]" In addition, OCIB and Garrett alleged that to the extent OCIB was required to pay anything to CommunityBank on the Note, then OCIB should recover judgment against Jarrell for such amount and the judgment should be non-dischargeable.

OCIB and Garrett subsequently amended their pleadings in the adversary proceeding to add CommunityBank and Wells Fargo as parties and asserted declaratory judgment claims against both banks to determine "the rights and legal

4

relations" between OCIB, Garrett, and the banks. CommunityBank filed a motion to dismiss in the adversary proceeding for want of subject matter jurisdiction contending that the Note was no longer an asset of the Bankruptcy estate.

In its response to the motion for partial summary judgment in the trial court below, CommunityBank asserted that prior to any hearing on the motion to dismiss, the bankruptcy court scheduled a management conference in the adversary proceeding. On the day before the management conference, OCIB, Garrett, and Jarrell filed a motion to approve a settlement agreement. Without any evidentiary hearing, the bankruptcy judge entered an agreed final judgment in the adversary proceeding (the "Agreed Final Judgment"). The Agreed Final Judgment reads, in part:

> IT IS ORDERED THAT Orange County Insurance Brokerage And Ian Garrett, Plaintiffs, recover Judgment from Debtor Randy Alvin Jarrell, in the amount of $750,000.00, plus post-judgment interest on the judgment at the rate of 0.18% per year.
>
> IT IS FURTHER ORDERED THAT the judgment for Orange County Insurance Brokerage And Ian Garrett, Plaintiffs, is hereby declared to be non-dischargeable pursuant to 11 U.S.C. Section 523(a)(2)(A).
>
> IT IS FURTHER ORDERED THAT the obligations of Debtor Randy Alvin Jarrell under the Settlement Agreement dated April 19, 2012, are declared to be non-dischargeable.
>
> IT IS FURTHER ORDERED THAT all other indebtedness owed by Debtor Randy Alvin Jarrell to Orange County Insurance Brokerage And Ian Garrett, Plaintiffs, is hereby DISCHARGED.

IT IS FURTHER ORDERED THAT all other relief requested by Orange County Insurance Brokerage And Ian Garrett, Plaintiffs, against Debtor Randy Alvin Jarrell, in the First Amended Complaint Of Orange County Insurance Brokerage And Ian Garrett For A Declaratory Judgment And To Determine The Dischargeability Of A Debt, is DENIED.

IT IS FURTHER ORDERED THAT all claims of Orange County Insurance Brokerage And Ian Garrett, Plaintiffs, against CommunityBank of Texas, N.A. and/or Wells Fargo Bank, N.A., are dismissed, without prejudice.

IT IS FURTHER ORDERED THAT all claims of Wells Fargo Bank, N.A. against Orange County Insurance Brokerage and/or CommunityBank of Texas, N.A, are dismissed, without prejudice.

Further, below the bankruptcy judge's signature, the Agreed Final Judgment states, "AGREED:" and then sets forth the signature blocks and signatures of the attorneys representing each of the parties to the adversary proceeding, including counsel for CommunityBank.

Thereafter, CommunityBank filed the instant lawsuit alleging, among other things, a breach of contract claim against OCIB and Garrett, alleging that OCIB and Garrett had breached the terms of the Note by failing to make payments as required under the terms of the Note. CommunityBank sought damages against OCIB and Garrett in the amount of $1,380,000, which allegedly represented the remaining principal balance on the Note. OCIB and Garrett answered and asserted

6

various affirmative defenses to the action, including fraud by Jarrell, res judicata, and collateral estoppel.

OCIB and Garrett filed a traditional motion for partial summary judgment on their affirmative defenses. As summary judgment evidence, OCIB and Garrett attached a copy of the Note, the Agreed Final Judgment, OCIB and Garrett's first amended complaint filed in the bankruptcy adversary litigation, and CommunityBank's answer thereto. In the motion, OCIB and Garrett argued that the Note, which formed the basis of CommunityBank's breach of contract claim against OCIB and Garrett, was not enforceable because OCIB and Garrett executed and guaranteed the Note in reliance upon fraudulent representations made by Jarrell. OCIB and Garrett argued that because the Agreed Final Judgment entered in the adversary proceeding resolved the issue of Jarrell's alleged fraud in the execution of the Note in favor of OCIB and Garrett, and because CommunityBank was a party to the adversary proceeding and agreed to the Agreed Final Judgment, CommunityBank was barred from re-litigating that issue in the instant action. Specifically, OCIB and Garrett's motion for partial summary judgment stated, in relevant part:

> 9. The Agreed Final Judgment awarded a judgment in favor of Movants against Randy Alvin Jarrell . . . .

10. In addition, the Agreed Final Judgment contained the following language:

> IT IS FURTHER ORDERED THAT the judgment for Orange County Insurance Brokerage And Ian Garrett, Plaintiffs, is hereby declared to be non-dischargeable pursuant to 11 U.S.C. Section 523(a)(2)(A) . . . .

The agreed language is significant. In their Complaint, Movants alleged that the Promissory Note was executed in reliance on false material misrepresentations by Randy Alvin Jarrell, and that as a result, Movants' judgment against Randy Alvin Jarrell should be declared non[-]dischargeable under 11 U.S.C. Section 523(a)(2)(A). Bankruptcy counsel for Randy Alvin Jarrell, Movants, [CommunityBank] and [Wells Fargo Bank] all agreed to the form of the Agreed Final Judgment . . . .

11. Movants specifically pled the defense of fraud, and claimed that the Promissory Note was executed by Movants as the result of the fraud of Randy Alvin Jarrell. Movants specifically pled that [CommunityBank] and [Wells Fargo Bank] were barred from relitigating the fraud of Randy Alvin Jarrell through res judicata, collateral estoppel and/or judicial estoppel. [CommunityBank] and [Wells Fargo Bank] [cannot] now dispute the fraud of Randy Alvin Jarrell in obtaining the execution of the Promissory Note by Movants.

CommunityBank filed a response to OCIB and Garrett's motion for partial summary judgment, and the trial court subsequently held a hearing on the motion. During the hearing, OCIB and Garrett waived summary judgment on all grounds asserted in the motion except collateral estoppel. On October 18, 2013, the trial court entered an order granting OCIB and Garrett's motion for partial summary judgment, rendering a take nothing judgment in favor of OCIB and Garrett on the

8

Note. The order entered by the trial court also severed all claims by CommunityBank and Wells Fargo based on the Note into a separate cause number.

Thereafter, CommunityBank filed a motion, and later a supplemental motion, to reconsider or modify the summary judgment or, in the alternative, for a new trial (collectively, CommunityBank's "motions for new trial"). Following a hearing, the trial court took CommunityBank's motions under advisement, but no ruling by the trial court on those motions is found in the record. This appeal followed.

## Issues on Appeal

CommunityBank argues on appeal that the trial court erred in granting the partial summary judgment in favor of OCIB and Garrett and in refusing to grant CommunityBank's motions for new trial because: (1) OCIB and Garrett failed to conclusively prove their affirmative defense of collateral estoppel; (2) the trial court failed to consider the collusive nature of the settlement agreement that resulted in the Agreed Final Judgment in the bankruptcy adversary proceeding; and (3) CommunityBank became a holder in due course of the Note prior to the Agreed Final Judgment, thereby defeating any defense of fraud by the maker.

## Summary Judgment Based on Collateral Estoppel

In its first issue, CommunityBank contends that the trial court erred in granting summary judgment in favor of OCIB and Garrett and in refusing to grant its motions for new trial because OCIB and Garrett failed to conclusively establish their affirmative defense of collateral estoppel. We address CommunityBank's challenge to the trial court's summary judgment ruling on this ground first since it is dispositive of this appeal.

### A. Standard of Review

The standard for reviewing a traditional motion for summary judgment is well-established. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985); *see Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 800 (Tex. 1994). We review a trial court's ruling on a motion for summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). To prevail on a traditional summary judgment motion, the movant has the burden of proving that it is entitled to judgment as a matter of law and that there are no genuine issues of material fact. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). "We review the evidence presented in the motion and response in the light most favorable to the party against whom

the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Fielding*, 289 S.W.3d at 848.

Collateral estoppel is an affirmative defense. See Tex. R. Civ. P. 94; *SWEPI, L.P. v. Camden Resources, Inc.,* 139 S.W.3d 332, 338 (Tex. App.—San Antonio 2004, pet. denied). Where, as here, a party moves for summary judgment on the grounds of an affirmative defense, the movant must plead and conclusively prove each essential element of its affirmative defense, thereby defeating the plaintiff's cause of action. *Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008); *Villanueva v. Gonzalez*, 123 S.W.3d 461, 464 (Tex. App.—San Antonio 2003, no pet.). "Evidence is conclusive only if reasonable people could not differ in their conclusions[.]" *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

## B.    Law of Collateral Estoppel

The doctrine of issue preclusion, or collateral estoppel, "is designed to promote judicial efficiency and to prevent inconsistent judgments by preventing any relitigation of an ultimate issue of fact." *Tex. Dep't of Public Safety v. Petta*, 44 S.W.3d 575, 579 (Tex. 2001); *see also Barr v. Resolution Trust Corp. ex. rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992) (stating that collateral estoppel "prevents [the] relitigation of particular issues already resolved in a prior

suit"). "Collateral estoppel applies when an issue decided in the first action is actually litigated, essential to the prior judgment, and identical to an issue in a pending action." *Petta*, 44 S.W.3d at 579; *Zea v. Valley Feed & Supply, Inc.,* 354 S.W.3d 873, 876–77 (Tex. App.—El Paso 2011, pet. dism'd); *see also Welch v. Hrabar*, 110 S.W.3d 601, 606 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (noting that collateral estoppel applies when (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action.). "Strict mutuality of parties is no longer required." *Zea*, 354 S.W.3d at 877; *see Petta*, 44 S.W.3d at 579; *Richards v. Comm'n for Lawyer Discipline*, 35 S.W.3d 243, 249 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Rather, collateral estoppel applies when the party against whom collateral estoppel is being asserted had a full and fair opportunity to litigate the issue in the prior suit. *Petta*, 44 S.W.3d at 579; *Zea*, 354 S.W.3d at 877. Under a plea of collateral estoppel, essential issues of fact previously determined and adjudged by a court of competent jurisdiction are binding in a subsequent action between the same parties. *See Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 822 (Tex. 1984).

12

## C. Application

CommunityBank complains that the trial court erred in concluding that CommunityBank was collaterally estopped from pursuing its lawsuit against OCIB and Garrett to collect on the Note by the Agreed Final Judgment entered in the bankruptcy court. Because OCIB and Garrett moved for partial summary judgment on their affirmative defense of collateral estoppel, OCIB and Garrett had the burden to plead and conclusively prove the elements of that affirmative defense. *See Chau*, 254 S.W.3d at 455; *Villanueva*, 123 S.W.3d at 464. The motion for partial summary judgment relies upon the Note, the Agreed Final Judgment of the bankruptcy court, and other bankruptcy court pleadings as summary judgment evidence.

OCIB and Garrett argue that because CommunityBank signed off on the Agreed Final Judgment in the bankruptcy adversary proceeding, such is evidence that all issues were fully and fairly litigated, compromised and settled by all parties to the previous litigation. However, CommunityBank contends that it only agreed to have its claims dismissed without prejudice and as such, the issue of the enforceability of the Note was not fully and fairly litigated. For a judgment to be considered an agreed or consent judgment, either the body of the judgment itself or the record must indicate that the parties came to some agreement as to the case's

13

disposition; simple approval of the form and substance of the judgment does not suffice. *DeClaris Assocs. v. McCoy Workplace Sols., L.P.*, 331 S.W.3d 556, 560 (Tex. App.—Houston [14th Dist.] 2011, no pet.). "The phrase 'approved as to form and substance' standing alone does not transform a judgment into a consent judgment." *Baw v. Baw,* 949 S.W.2d 764, 766–67 (Tex. App.—Dallas 1997, no writ); *see also Oryx Energy Co.,* 895 S.W.2d at 417 (holding that an order, despite a notation that is was "Approved and Agreed," was not an agreed order when "nothing in the record or the judgment indicates that the parties entered or even contemplated a settlement or agreed judgment").

Our review of the body of the judgment and the record reveals nothing to indicate this was a consent judgment. Instead, the Agreed Final Judgment provides that "all claims of [OCIB] and Ian Garrett . . . against CommunityBank . . . are dismissed without prejudice[,]" without any indication in the body of the judgment that the claims against CommunityBank were litigated, settled or compromised. There is no express language anywhere in the body of the Agreed Final Judgment that specifically addresses the Note. *See Chang v. Nguyen,* 81 S.W.3d 314, 316 n.1 (Tex. App.—Houston [14th Dist.] 2001, no pet.) ("[I]n order for a judgment to be a consent judgment, the body of it must suggest, for instance, that the case had been settled or that the judgment was rendered by consent."). While the Agreed Final

14

Judgment references a settlement agreement, there is no provision in the judgment incorporating or otherwise adopting the terms of the settlement agreement as part of the judgment, and the settlement agreement was not made a part of the summary judgment record before the trial court. We find nothing in the record or in the Agreed Final Judgment which indicates that CommunityBank intended to compromise or settle their claims surrounding the enforceability of the Note.

CommunityBank's appeal raises the issue of whether OCIB and Garrett met their burden of establishing that no genuine issue of material fact exists and that they were entitled to judgment as a matter of law. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); Tex. R. Civ. P. 166a(c). For OCIB and Garrett to be entitled to summary judgment on the affirmative defense of collateral estoppel, as movants, they were required to conclusively prove all essential elements of that defense. *See Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 530 (Tex. 1997).

The essential elements of collateral estoppel are: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *El Paso Nat. Gas Co. v. Berryman*, 858

15

S.W.2d 362, 364 (Tex. 1993); *Eagle Props., Ltd. v. Scharbauer*, 807 S.W.2d 714, 721 (Tex. 1990); *Bonniwell*, 663 S.W.2d at 818.

To determine whether OCIB and Garrett proved the essential element of full and fair litigation of the facts germane to the present action in the prior action, we must first decide whether the facts of the prior action were litigated. To make this determination, we consider the following factors: whether the parties were fully heard; whether the court supported its decision with a reasoned opinion; and whether the decision was subject to appeal or was in fact reviewed on appeal. *Mower v. Boyer*, 811 S.W.2d 560, 562 (Tex. 1991). "The doctrine applies when the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit." *Tarter v. Metro. Sav. & Loan Ass'n,* 744 S.W.2d 926, 927 (Tex. 1988).

OCIB and Garrett contend that the issue of fraudulent inducement in the execution of the Note was fully and fairly litigated in the bankruptcy adversary proceeding as evidenced by the provision in the Agreed Final Judgment declaring the judgment for OCIB and Garrett is non-dischargeable pursuant to U.S.C. Section 523 (a)(2)(A) (noting that a discharge of indebtedness in bankruptcy proceedings "does not discharge an individual debtor from any debt for money…to the extent obtained by …false pretenses, a false representation, or actual fraud,

other than a statement respecting the debtor's or an insider's financial condition[.]") 11 U.S.C. § 523(a)(2)(A). The summary judgment record shows that OCIB and Garrett filed an unsecured claim against the bankruptcy debtor's estate for an unliquidated amount. OCIB and Garrett then filed an adversary proceeding in the bankruptcy court seeking a declaration that the indebtedness that formed the basis of their unsecured claim was non-dischargeable because it was incurred by the fraudulent representations of Jarrell to OCIB and Garrett.

If Jarrell owed money to OCIB and Garrett obtained by fraud or false pretenses, the bankruptcy court could declare Jarrell's debt to OCIB and Garrett to be non-dischargeable in the bankruptcy. *See id.* In the lawsuit made the subject of this appeal, CommunityBank is seeking to recover sums payable under the terms of the Note from OCIB and Garrett, the maker and guarantor of the Note, respectively. While such claims may be tangentially related, such are different causes of action. CommunityBank contends that it is a holder in due course of the Note and therefore, is not subject to any defense by the maker of the Note. In cases in which a party seeks "to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action[,]" not what might have been litigated and determined.

*United States v. Int'l Bldg. Co.,* 345 U.S. 502, 505 (1953) (quoting *Cromwell v. Cty. of Sac*, 94 U.S. 351, 353 (1876)). "Only upon such matters is the judgment conclusive in another action." *Id*.

It is not disputed that no bench trial or jury trial was held on the merits of any claims asserted in the adversary proceeding; instead, the adversary proceeding was settled by the bankruptcy debtor and OCIB and Garrett prior to any hearing. Although OCIB and Garrett alleged in their pleadings in the adversary proceeding that Jarrell committed fraud against them, the facts supporting the charge of fraud were not litigated in the adversary proceeding, were not proven by OCIB and Garrett in that proceeding, and were not recited in Agreed Final Judgment. We are left to speculate as to the motivation of the debtor for entering into the Agreed Final Judgment with OCIB and Garrett. No findings of fact are set forth in the Agreed Final Judgment or filed separately therewith, nor is the judgment supported by any reasoned opinion, but only sets forth conclusory holdings by the bankruptcy court. More specifically, facts supporting fraud in the inducement to the execution of the Note were not recited nor were they rendered by the bankruptcy court in the Agreed Final Judgment. Neither the motion for partial summary judgment nor the Agreed Final Judgment upon which it relies identify those facts that OCIB and Garrett contend were fully and fairly litigated in the bankruptcy adversary

18

proceeding and that they purport support the application of collateral estoppel or issue preclusion in this lawsuit. The party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior suit. *See Tarter,* 744 S.W.2d at 927. Because the claims against CommunityBank were dismissed without prejudice, no contested issues between CommunityBank and OCIB and Garrett were determined or otherwise resolved by the Agreed Final Judgment in the bankruptcy court specifically regarding any liability on the Note. From this record, it has not been conclusively proven that the essential facts in the prior case were fully and fairly litigated.

We hold OCIB and Garrett failed to conclusively prove all elements of the affirmative defense of collateral estoppel. We conclude that the trial court erred in granting the motion for partial summary judgment of OCIB and Garrett. We sustain issue one.

Because the resolution of this issue is dispositive of the entire appeal, we need not address any further issues. *See* Tex. R. App. P. 47.1. We reverse the partial summary judgment of the trial court and remand to the trial court for further proceedings.

REVERSED AND REMANDED.

_____
CHARLES KREGER
Justice

Submitted on October 15, 2014
Opinion Delivered September 1, 2016

Before McKeithen, C.J., Kreger and Horton, JJ.